# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10786
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

  Plaintiff−Appellee,

versus

ANGEL RENEE NORRIS,

  Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:17-CR-158-5

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Angel Norris was convicted of conspiracy to possess with intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10786

distribute more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1). The district court sentenced Norris, at the top of the guideline range, to 188 months of imprisonment.

On appeal, Norris contends that the *Petite*[1] policy precludes her federal prosecution for conspiracy to possess with intent to distribute methamphetamine, given her state prosecution for possession with intent to deliver methamphetamine. Because she did not raise that argument in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"Courts have consistently held that the *Petite* policy is an internal rule of the Justice Department; criminal defendants may not invoke it to bar prosecution by the federal government." *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir. 1990) (citations omitted). Therefore, Norris cannot rely on the *Petite* policy to assert error in her federal prosecution.

Norris maintains that her federal prosecution is double jeopardy. That theory is underdeveloped at best, and her brief offers no analysis or citation to relevant caselaw in support. She has abandoned the issue by failing to brief it. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

Norris avers that at sentencing, the district court erred in considering the conduct underlying her arrest for aggravated assault with a deadly weapon because the state grand jury "no-billed" the criminal charge. Because Norris preserved the issue by raising an objection at sentencing, the claimed error is reviewed *de novo*. *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012). The district court's factual findings are reviewed for clear error. *Id.*

---

[1] The Supreme Court first acknowledged this policy in *Petite v. United States*, 361 U.S. 529, 530–31 (1960) (per curiam).

No. 18-10786

The district court found that, even though the state grand jury did not indict Norris for aggravated assault with a deadly weapon, a preponderance of the evidence supported that she "did the things described in [the presentence report]." "It is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). Moreover, a no-bill does not preclude a court from finding by a preponderance of the evidence that the defendant committed the conduct underlying the no-billed offense. *United States v. Fields*, 932 F.3d 316, 323 (5th Cir. 2019). Because the presentence report's description of the facts and circumstances leading to Norris's arrest for aggravated assault with the deadly weapon was sufficiently reliable, the district court did not err in considering it—in addition to Norris's various other criminal convictions and mitigating evidence—in selecting a sentence. *See Harris*, 702 F.3d at 231.

Norris urges that the district court failed to consider how she had "turned her life around" since being placed on probation for the state offense of possession with intent to deliver a controlled substance and that her rehabilitation efforts warranted a downward departure. This court lacks jurisdiction to review the denial of a downward departure unless the denial was based on the district court's mistaken belief that it lacked the authority to depart. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). The record does not reflect that the district court was unaware of its authority to depart from the guidelines, so we court lack jurisdiction to review the denial of Norris's request for a downward departure. *See Lucas*, 516 F.3d at 350.

The judgment of conviction and sentence is AFFIRMED.

3